NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DYLAN J. and BONNIE J., | ) | Supreme Court No. S-14641 |
| | ) | |
| Appellants, | ) | Superior Court Nos. 3PA-11-00028 CN |
| | ) | 3PA-11-00029 CN |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT* |
| DEPARTMENT OF HEALTH & | ) | |
| SOCIAL SERVICES, OFFICE OF | ) | |
| CHILDREN'S SERVICES, | ) | |
| | ) | |
| Appellee. | ) | No. 1439 - October 10, 2012 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Vanessa White, Judge.

Appearances: Steven J. Priddle, Law Office of Steven J. Priddle, Anchorage, for Appellants.  Michael G. Hotchkin, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before:  Fabe, Chief Justice, Carpeneti, Winfree, and Stowers, Justices.

I.    INTRODUCTION

The State of Alaska, Department of Health and Social Services, Office of Children's Services (OCS) took custody of two young children, and the children's

---

\*      Entered pursuant to Appellate Rule 214.

maternal great-grandparents later requested relative placement. OCS denied the placement, finding that the great-grandparents were not physically able to care for the children and that their home was not suitable. The great-grandparents sought relief from the superior court; after an evidentiary hearing the superior court made the same findings and concluded that OCS had not abused its discretion in denying placement. The great-grandparents did not appeal that decision, but a month later they moved for placement a second time, filing a motion identical to the first. The superior court denied the second placement motion without a hearing, and subsequently denied a reconsideration motion in which the great-grandparents argued they were statutorily entitled to placement.

The great-grandparents appeal the denial of the second placement motion and the reconsideration motion. But the original findings supporting placement denial were not further contested by way of an appeal and those findings established that placement in the great-grandparents' home was not in the children's best interests even if the great-grandparents had placement preference under AS 47.14.100(e)(3). We therefore affirm.

## II. FACTS AND PROCEEDINGS

In March 2010 OCS investigated a neglect report regarding two children. OCS opened the case for services and ultimately took custody of the children, placing them with their maternal grandparents. In May 2011 OCS removed the children from that home. Dylan and Bonnie J.,[1] the children's maternal great-grandparents, requested the children be placed with them. The guardian ad litem (GAL) opposed, arguing there was clear and convincing evidence of good cause to deny placement with them.

The superior court held a placement hearing in December 2011. The court heard testimony from two OCS case workers who both testified that Dylan and Bonnie's

---

[1] We use pseudonyms to protect the family's privacy.

home was unsuitable for the children. It heard additional testimony from the children's maternal grandmother and Bonnie regarding the conditions at the home. The court also heard testimony regarding Bonnie's physical capabilities from two treating physicians.

The court found Dylan and Bonnie requested placement at the prompting of their daughter, and that they were not physically able to parent the children. The court also noted concerns about their home's safety, noting there were safety hazards such as an elevated porch that had loose and missing boards and lacked a railing. The court noted Bonnie's significant daily pain and difficulty bending over and lifting items, noting that her physicians stated physical exertion would be difficult and that she had recently been hospitalized. The court also recognized Dylan's significant health problems, including diabetes, coronary artery issues, edema, and transient congestive heart failure. The superior court denied the placement motion, concluding OCS had not abused its discretion in denying placement. Dylan and Bonnie did not appeal that decision.

In January 2012 Dylan and Bonnie again moved for relative placement, filing a motion identical to the first motion. The superior court denied the motion without a hearing. Dylan and Bonnie moved for reconsideration, arguing that as great-grandparents, they should have been considered "adult family member[s]" for the children's placement under AS 47.14.100(e)(3)[2] and that AS 47.10.990's inclusion of

---

[2] AS 47.14.100(e) provides:

When a child is removed from a parent's home, the department shall place the child, in the absence of clear and convincing evidence of good cause to the contrary,

(1) in the least restrictive setting that most closely approximates a family and that meets the child's special needs, if any;

(2) within reasonable proximity to the child's

(continued...)

"grandparent" in its definition of "adult family member" should be read to include great-grandparents, as it is "simply a common sense inclusion of great-grandparents within the meaning of grandparent."[3]

The superior court denied the reconsideration motion, explaining it was bound by the "family member" definition in CINA Rule 19.1, which does not include great-grandparents in its "adult family member" definition; as such, Dylan and Bonnie were required to show OCS abused its discretion in refusing to place the children with them. The court stated that based on the record, it could not find such an abuse of discretion.

---

[2]     (...continued)
home, taking into account any special needs of the child and the preferences of the child or parent;

(3) with, in the following order of preference,

> (A) an adult family member;

> (B) a family friend who meets the foster care licensing requirements established by the department;

> (C) a licensed foster home that is not an adult family member or family friend;

> (D) an institution for children that has a program suitable to meet the child's needs.

[3]     AS 47.10.990 defines "adult family member" as a person who is over 18 years old and "who is (A) related to the child as the child's grandparent, aunt, uncle, or sibling; or (B) the child's sibling's legal guardian or parent."

## III. DISCUSSION

Placement decisions are generally reviewed for abuse of discretion,[4] but it is unsettled what standard of review should apply in a case involving placement under AS 47.14.100(e).[5] We do not need to resolve either the standard of review issue or the statutory interpretation issue here. Alaska Statute 47.14.100(e) requires placement with an adult family member only "in the absence of clear and convincing evidence of good cause to the contrary." OCS and the GAL presented evidence at the December 6 hearing prompting the superior court to find that Dylan and Bonnie were not physically able to care for the children and that they could not provide a suitable home for the children. Given those unappealed findings entered just one month before Dylan and Bonnie's second placement motion, under any placement standard or subsequent standard of review it was not error for the superior court to deny Dylan and Bonnie's second placement motion or to deny their motion for reconsideration based on AS 47.14.100(e)(3).

## IV. CONCLUSION

We affirm the superior court's decision.

---

[4]     *In re Adoption of Missy M.*, 133 P.3d 645, 648 (Alaska 2006) (quoting *S.S.M. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 3 P.3d 342, 346 & n.13 (Alaska 2000)).

[5]     Before the legislature amended AS 47.14.100(e) in 2005, ch. 64, § 34, SLA 2005, the general abuse of discretion standard was statutorily superseded to provide for de novo review. *Brynna B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 88 P.3d 527, 529-30 (Alaska 2004) (citing AS 47.14.100(e)(1)). In 2005 the legislature repealed and reenacted a new version of AS 47.14.100(e), but did not preserve the express statutory right to de novo appeal.   Ch. 64, § 34, SLA 2005.